UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

KATHLEEN A. KISER,

        Plaintiff,

v.

NANCY A. BERRYHILL, Acting Commissioner of Social Security

        Defendant.

Case No. 2:16-cv-01814-TLF

ORDER REVERSING AND REMANDING THE COMMISSIONER'S DECISION TO DENY BENEFITS

Plaintiff Kathleen A. Kiser has brought this matter for judicial review of the Commissioner's denial of her applications for disability insurance and supplemental security income (SSI) benefits. The parties have consented to have this matter heard by the undersigned Magistrate Judge. 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73; Local Rule MJR 13. Because the ALJ erred in failing to fully consider Ms. Kiser's Interstitial Cystitis (IC) and in discounting her credibility, the Court finds that the Commissioner's decision to deny benefits should be reversed, and that this matter should be remanded to the Commissioner for further administrative proceedings.

## FACTUAL AND PROCEDURAL HISTORY

On August 29, 2013, Ms. Kiser filed an application for disability insurance benefits and another one for SSI benefits, alleging in both applications that she became disabled beginning June 8, 2013. Dkt. 9, Administrative Record (AR) 20. Her applications were denied on initial administrative review and on reconsideration. *Id.* On March 10, 2015, a hearing was held before

ORDER REVERSING AND REMANDING THE
COMMISSIONER'S DECISION TO DENY BENEFITS - 1

an administrative law judge (ALJ), at which Ms. Kiser appeared and testified as did a vocational expert. AR 41-94.

In a decision dated June 17, 2015, the ALJ found that Ms. Kiser could perform other jobs existing in significant numbers in the national economy and therefore that she was not disabled. AR 20-34. Ms. Kiser's request for review was denied by the Appeals Council on October 21, 2016, making the ALJ's decision the final decision of the Commissioner, which plaintiff then appealed in a complaint filed with this Court on November 30, 2016. AR 1; Dkt. 3; 20 C.F.R. § 404.981, § 416.1481.

Ms. Kiser seeks reversal of the ALJ's decision and remand for further administrative proceedings, arguing the ALJ erred in failing to:

(1) fully consider Ms. Kiser's IC and the combined effects of her impairments and resulting limitations;

(2) provide clear and convincing reasons for discounting Ms. Kiser's credibility; and

(3) properly assess the medical opinion evidence in the record.

For the reasons set forth below, the Court finds that the ALJ erred in failing to fully consider Ms. Kiser's IC and in discounting her credibility, and therefore in finding her to be disabled. Remand for further consideration of those issues is thus warranted.

## DISCUSSION

The Commissioner's determination that a claimant is not disabled must be upheld if the "proper legal standards" have been applied, and the "substantial evidence in the record as a whole supports" that determination. *Hoffman v. Heckler*, 785 F.2d 1423, 1425 (9th Cir. 1986); *see also Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004); *Carr v. Sullivan*, 772 F.Supp. 522, 525 (E.D. Wash. 1991). "A decision supported by substantial evidence nevertheless will be set aside if the proper legal standards were not applied in weighing

the evidence and making the decision." *Carr*, 772 F.Supp. at 525 (citing *Brawner v. Sec'y of Health and Human Sers.*, 839 F.2d 432, 433 (9th Cir. 1987)). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citation omitted); *see also Batson*, 359 F.3d at 1193.

The Commissioner's findings will be upheld "if supported by inferences reasonably drawn from the record." *Batson*, 359 F.3d at 1193. Substantial evidence requires the Court to determine whether the Commissioner's determination is "supported by more than a scintilla of evidence, although less than a preponderance of the evidence is required." *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975). "If the evidence admits of more than one rational interpretation," that decision must be upheld. *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). That is, "[w]here there is conflicting evidence sufficient to support either outcome," the Court "must affirm the decision actually made." *Allen*, 749 F.2d at 579 (quoting *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971)).

I. <u>The ALJ's Evaluation of Ms. Kiser's Interstitial Cystitis</u>

With respect to Ms. Kiser's IC, the ALJ found:

> . . . [T]he claimant's . . . interstitial cystitis . . . diagnosis was allegedly made in 2000, associated with a bladder that was always "burning" and a variety of surgeries, although other evidence shows mention of this impairment in 1998. In fact, the claimant had cystoscopy, bladder hydrodistension, and bladder biopsy in December 1998. She complained that this impairment awakened her 5 to 7 times a night to void and caused her to go to the toilet frequently in the day. By her description in February 2014, flares of this impairment were "razors in her urethra".
>
> . . .
>
> At times . . . the claimant's testimony is inconsistent with the evidence. At the hearing, the claimant stated she did not like to take a bus due to urinary issues. For instance, she told Emily Bradley M.D., of the Polyclinic that she had frequent urination. However, the claimant also stated that she has had

> interstitial cysitits since 1995. Yet, she was able to work for many years after that date without any apparent problem, as evidenced by posting of earnings in 1997, 1998, 2005, 2006, 2007, 2008, 2009, 2010, 2011, and 2012. Furthermore, in reporting the frequent urination in February 2014, the claimant stated, "she is not really bothered by her current symptoms."

AR 23, 28 (internal citations omitted). Ms. Kiser argues these reasons for dismissing seemingly any limitations stemming from her IC are contrary to the substantial evidence in the record. The Court agrees.

First, it is wholly unclear why Ms. Kiser's testimony that she had frequent urination and therefore did not like to take the bus, is inconsistent with the fact that she has had IC since 1995. Clearly, both can be possible. Second, as Ms. Kiser notes for many of the years during which she had earnings, those earnings were fairly limited. *See* AR 296. And as the list of earnings-years contained in the record indicates, a number of these years Ms. Kiser apparently had no earnings at all. *Id.* Further, even in those years, for instance 2008 and 2009, for which the record shows Ms. Kiser had fairly substantial earnings, there is nothing to indicate that Ms. Kiser's IC had no vocational impact in regard to any of the work she did.

Third, the medical evidence in the record indicates Ms. Kiser's IC is not as improved or stable as the ALJ indicates. As the ALJ noted, in February 2014, Ms. Kiser reported that "[w]hen she gets IC flares she really experiences 'razor blades in her urethra.'" AR 520. At that time, Ms. Kiser also reported that "her main urinary complaint is frequent urination." *Id.* Although as the ALJ further noted Ms. Kiser reported that she "is not really bothered by her current symptoms" (*Id.*), this statement clearly is contrary to the other two prior statements Ms. Kiser made, and the ALJ did not resolve that inconsistency. In addition, the fact that Ms. Kiser's symptoms currently were not bothering her does not mean that she was not still subject to "IC flares" at other times or in general. The ALJ's failure to investigate this further was error. *Tonapetyan v. Halter*, 242

F.3d 1144, 1150 (9th Cir. 2001) (where the evidence is ambiguous the ALJ has the duty "to fully and fairly develop the record") (citations omitted).

II. <u>The ALJ's Assessment of Ms. Kiser's Credibility</u>

Questions of credibility are solely within the control of the ALJ. *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982). The Court should not "second-guess" this credibility determination. *Allen v. Heckler*, 749 F.2d 577, 580 (9th Cir. 1984). In addition, the Court may not reverse a credibility determination where that determination is based on contradictory or ambiguous evidence. *See id.* at 579. That some of the reasons for discrediting a claimant's testimony should properly be discounted does not render the ALJ's determination invalid, as long as that determination is supported by substantial evidence. *Tonapetyan v. Halter*, 242 F.3d 1144, 1148 (9th Cir. 2001).

To reject a claimant's subjective complaints, the ALJ must provide "specific, cogent reasons for the disbelief." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1996) (citation omitted). The ALJ "must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Id.*; *see also Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993). Unless affirmative evidence shows the claimant is malingering, the ALJ's reasons for rejecting the claimant's testimony must be "clear and convincing." *Lester*, 81 F.2d at 834. The evidence as a whole must support a finding of malingering. *See O'Donnell v. Barnhart*, 318 F.3d 811, 818 (8th Cir. 2003).

In determining a claimant's credibility, the ALJ may consider "ordinary techniques of credibility evaluation," such as reputation for lying, prior inconsistent statements concerning symptoms, and other testimony that "appears less than candid." *Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996). The ALJ also may consider a claimant's work record and observations of

physicians and other third parties regarding the nature, onset, duration, and frequency of symptoms. *Id.*

The ALJ discounted Ms. Kiser's credibility in part because "[t]he medical findings do not support the degree of limitation alleged." AR 27-28. A determination that a claimant's subjective complaints are "inconsistent with clinical observations" can satisfy the clear and convincing requirement. *Regennitter v. Comm'r of Soc. Sec. Admin.*, 166 F.3d 1294, 1297 (9th Cir. 1998). However, the ALJ may not reject those complaints *solely* on the basis of a lack of objective medical evidence. *Byrnes v. Shalala*, 60 F.3d 639, 641-42 (9th Cir. 1995); *Orteza v. Shalala*, 50 F.3d 748, 749-50 (9th Cir. 1995). Here, none of the ALJ's other stated reasons for discounting Ms. Kiser's subjective complaints were proper. The ALJ, therefore, could not rely on this basis for finding her to be less than fully credible.

The ALJ, for instance, discounted Ms. Kiser's credibility because:

> Her failure to return to work appears to be an unwillingness to accept responsibility for her particular situation. In a report of her evaluation of the claimant in January 2014, Eileen Bowen, LMHC, stated the claimant ". . . looks to the outside world to change in order for her to feel okay". Although the claimant admitted she looked to other people, rather than herself, for change, she also declared an inability to tolerate the idea that she could change this pattern. She simply wanted other people to "adjust to her dysregulation."

AR 28 (internal citations omitted). Nothing in Ms. Bowen's evaluation report, however, indicates Ms. Kiser's unwillingness to accept responsibility, or her looking to the outside world rather than herself for – and her inability to tolerate the idea of – change, was volitional, rather than due to her underlying mental health impairments. *See* AR 516. Accordingly, this reason for discounting Ms. Kiser's credibility was neither clear nor convincing.

An additional reason the ALJ gave for not finding Ms. Kiser to be fully credible was her activity level:

> The claimant's activity level reveals an ability to function at, perhaps, a higher level than she recognizes. According to her testimony, the claimant performs a host of normal activities, such as taking care of her dogs, cleaning, and gardening. She also reported she visited her boyfriend at his home, as well as driving to appointments and to stores. By her report, she even had spent the weekend before the administrative hearing on Vashon Island, Washington with her friends. Her testimony about her activities does not reveal restrictions inconsistent with a return to work activity.

AR 28. An ALJ may base an adverse credibility determination on a claimant's activities of daily living if they can "meet the threshold for transferable work skills." *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007). However, a claimant's credibility may be discounted on this basis only if he or she "is able to spend a substantial part of his or her day performing household chores or other activities that are transferable to a work setting." *Smolen*, 80 F.3d at 1284 n.7.

The claimant, furthermore, need not be "utterly incapacitated" to be eligible for disability benefits, and "many home activities may not be easily transferable to a work environment." *Id.*; *see also Reddick*, 157 F.3d at 722 ("[D]isability claimants should not be penalized for attempting to lead normal lives in the face of their limitations."). A claimant's activities of daily living also may form the basis for an adverse credibility determination if they "contradict his [or her] other testimony." *Orn*, 495 F.3d at 639.

The record fails to support the ALJ's determination that Ms. Kiser's daily activities call into question her credibility. First, there is no indication that Ms. Kiser actually performs any of the above activities for a substantial part of the day, or that they necessarily are transferable to a work setting. Second, the record also fails to show Ms. Kiser engaged in the above daily or other activities at a frequency or to an extent that necessarily contradicts her testimony. *See* AR 318-23, 350-51, 363, 482. Thus, this reason for discounting Ms. Kiser's credibility also is not a clear and convincing one.

The ALJ's last reason for discounting Ms. Kiser's credibility was that the evidence in the

record regarding her IC was inconsistent with Ms. Kiser's testimony. But as explained above, the ALJ erred in declining to adopt any functional limitations stemming from Ms. Kiser's IC on this basis. Accordingly, this reason for discounting Ms. Kiser's credibility was erroneous as well, and as such the ALJ's adverse credibility determination must be reversed.

III.     Remand for Further Administrative Proceedings

The Court may remand this case "either for additional evidence and findings or to award benefits." *Smolen*, 80 F.3d at 1292. Generally, when the Court reverses an ALJ's decision, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) (citations omitted). Thus, it is "the unusual case in which it is clear from the record that the claimant is unable to perform gainful employment in the national economy," that "remand for an immediate award of benefits is appropriate." *Id.*

Benefits may be awarded where "the record has been fully developed" and "further administrative proceedings would serve no useful purpose." *Smolen*, 80 F.3d at 1292; *Holohan v. Massanari*, 246 F.3d 1195, 1210 (9th Cir. 2001). Specifically, benefits should be awarded where:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting [the claimant's] evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

*Smolen*, 80 F.3d 1273 at 1292; *McCartey v. Massanari*, 298 F.3d 1072, 1076-77 (9th Cir. 2002). Because issues remain in regard to Ms. Kiser's IC and her credibility – and thus in regard to her RFC and her ability to perform other jobs exiting in significant numbers in the national economy – remand for further consideration of those issues is warranted.

## CONCLUSION

Based on the foregoing discussion, the Court finds the ALJ improperly determined Ms.

Kiser to be not disabled. The Commissioner's decision to deny benefits, accordingly, hereby is REVERSED and this matter is REMANDED for further administrative proceedings.

Dated this 22nd day of June, 2017.

/s/ Theresa L. Fricke
Theresa L. Fricke
United States Magistrate Judge

ORDER REVERSING AND REMANDING THE
COMMISSIONER'S DECISION TO DENY BENEFITS - 9